ELIZABETH QUIGLEY *vs.* ELBRIDGE G. TURNER.

Bristol.   October 24, 1889. — November 12, 1889.

Present: DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Credibility of Witness — Conviction of Crime — Evidence — Malice — Assault.*

Under the Pub. Sts. c. 169, § 19, evidence of the conviction of a witness of any crime is admissible to affect his credibility.

At the trial of an action for an assault upon the plaintiff by the defendant, while he was removing a division fence between their respective estates, it appeared that the plaintiff's husband claimed a right of way over the defendant's premises, which the defendant disputed, and, for the purpose of showing malice on the defendant's part in making the assault, evidence was admitted that he dug a trench across such way, into which the husband, while attempting to pass over it, fell and was injured.  *Held*, that the evidence was improperly admitted.

DEVENS, J.   This case is an action of tort, brought to recover for injuries sustained by the plaintiff from an alleged assault by the defendant, while he was in the act of removing a division fence between his own lands and those of the plaintiff, after notice to the plaintiff of his intention to remove the same. At the trial, the defendant having testified on his own behalf, the plaintiff was permitted to offer evidence, by a record of the Superior Court, of the conviction and sentence of the defendant for the same assault.   This evidence was admitted, against the exception of the defendant, for the sole purpose of affecting his credibility.

The Pub. Sts. c. 169, § 19, provide that " the conviction of a witness of a crime may be shown, to affect his credibility," and it is urged that this signifies that the crime shall be of such a nature as in itself to affect the credibility of a witness, and that the mere fact of a conviction for an assault could not be of this

character. The language of the statute is explicit and general, and permits the conviction of any crime to be given in evidence, leaving to the jury to judge how far the credibility of a witness may be affected thereby. Undoubtedly a conviction for some offences should affect this but slightly, perhaps not at all. Previous to the St. of 1852, c. 312, § 60, the law in regard to the impeachment of witnesses by the evidence of convictions of other offences had become very unsatisfactory, as pointed out by Chief Justice Chapman in *Commonwealth* v. *Hall*, 4 Allen, 305. Artificial distinctions had existed by which, in some instances, evidence of convictions for offences which bore very strongly on the credibility of a witness was not received, while in others evidence was received of a conviction which could only bear very slightly on this question. It was deemed wiser, therefore, that any conviction of a crime should be received, and that such weight should be attributed to it on this question as, in the judgment of the tribunal before which the witness appeared, it deserved. The statute puts all convictions of crime on the same footing, — those which would formerly have excluded a witness, those which have heretofore gone to credibility, and those which formerly would not have been admissible at all. *Gertz* v. *Fitchburg Railroad*, 137 Mass. 77, 79. The evidence of the conviction of the defendant, who was also a witness, was therefore properly admitted for this limited purpose.

The plaintiff's husband claimed a right of way over certain premises of the defendant, which claim was disputed and denied by the defendant, and, for the purpose of showing malice on the part of the defendant in the assault on the plaintiff, she was allowed to show, against the exception of the defendant, that he dug a trench across said way, into which her husband, while attempting to pass along said way, as he claimed the right to do, fell, and was injured. In an action of tort for injury to the person, the manner and manifest motive of the assault, and the circumstances under which it occurred, may be given in evidence upon the question of damages, as the same physical injury may be attended with more aggravated effects on the mind when maliciously done. *Smith* v. *Holcomb*, 99 Mass. 552, 554. *Hawes* v. *Knowles*, 114 Mass. 518. It would certainly be going very far to receive as evidence of malice towards the plaintiff, which

might enhance damages, or as evidence to discredit the witness, the fact that, in a controversy with the plaintiff's husband at another time and upon another subject than that of the division fence, the defendant had conducted himself maliciously towards and had injured him. In *York* v. *Pease*, 2 Gray, 282, which was an action of slander, evidence of a quarrel between the plaintiff's father (who was also the *prochein ami* by whom the action was brought) and the defendant was held to have been rightfully excluded. But if it was competent to receive such evidence with relation to the plaintiff's husband, that offered and received does not of itself show any malicious conduct towards him, nor appear to have been connected with any other evidence which would fairly lead to the inference that it was so. The defendant and the husband disputed over the right of way asserted by the latter over the defendant's land. The defendant dug a trench upon his own land across the way as claimed. There was nothing to show that he did this with any purpose except as a denial of the claim of the plaintiff's husband, and an assertion of his own right to 'close such way, or with any intent that the husband should fall therein or be injured thereby. The evidence as to this matter was erroneously admitted, and upon this point the exceptions of the defendant must be sustained.

We do not consider the other exceptions of the defendant, as the questions presented by them are not likely to arise in a similar form at another trial.

*Exceptions sustained.*

*A. J. Jennings & L. LeB. Holmes*, for the defendant.

*E. Avery & T. F. Desmond*, for the plaintiff.