HENRY A. GREENE *vs.* CYRUS C. CONANT & another.

Suffolk.    January 14, 1890. — February 27, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Mortgage of Real Estate — Delivery — Agency.*

On the issue of the delivery of a mortgage to the mortgagee before the land was attached, there was evidence that the mortgagee demanded the mortgage to secure him for a loan made long before on the promise of it, and directed its drawing up in his counting-room, and its taking by the mortgagor to his home for execution; that, upon there executing and acknowledging it before a justice of the peace, the mortgagor gave it to the justice, who was going to the registry of deeds, to be carried there for record; and that it was recorded before the attachment, the mortgagee coming into possession of it later. *Held,* that a finding was warranted that the mortgage was delivered to the mortgagee before the attachment.

WRIT OF ENTRY, against Cyrus C. Conant and Eunice E. Conant, his wife, to recover a parcel of land in that part of Boston called Neponset. Plea, *nul disseisin.*

At the trial in the Superior Court, without a jury, before *Pitman,* J., it appeared that the demanded premises were duly attached on June 16, 1887, in an action brought by the demandant

against the tenants, and, upon an execution duly issued upon a judgment afterwards recovered against them, were duly sold and conveyed to the demandant, whose alleged title rested upon such attachment and sale only. There was evidence that in 1885 Albert O. Smith purchased the demanded premises with certain trust funds held by' him for the benefit of the first named tenant, and conveyed them to the other tenant; that both husband and wife agreed at that time to give to Smith a mortgage upon the premises to secure the purchase money so advanced by him, but did not then do so; that early in June, 1887, Smith told the husband, who was in his employment, that the promised mortgage must be given to him; that thereupon the mortgage was drawn up in Smith's counting-room, under his direction; that Smith then directed the husband to take it to his home in Neponset for execution, and he did so; that on June 8 or 9, 1887, both husband and wife signed the mortgage at their home, and acknowledged it there before a justice of the peace; that the justice told them that he was about to go to the registry of deeds upon business of his own, and was requested by them to take the mortgage and have it recorded; that accordingly the mortgage was taken by the justice to the registry and there recorded by him on June 10, 1887; and that Smith did not see the mortgage from the time it was drawn up and taken away by the husband for execution, until the latter, having received it from the registry on or about June 24 or 25, 1887, delivered it to Smith.

The demandant asked the judge to rule, that there was no delivery of the mortgage to Smith until after the demandant's attachment on June 16, 1887; but the judge refused so to rule, and ruled that the evidence was sufficient in law to authorize a finding that there was a delivery of the mortgage to Smith before the attachment, and found for the tenants; and the demandant alleged exceptions.

*N. C. Berry & J. K. Berry,* for the demandant.

*W. Gaston & F. E. Snow,* for the tenants.

KNOWLTON, J. The only question in this case is, whether there was any evidence to warrant a finding that the mortgage to Smith, under whom the tenants claim, was delivered before the attachment in favor of the demandant.

It appeared that the mortgage was made in pursuance of a previous agreement between the parties ; that it was drawn in Smith's counting-room by his direction ; that by his direction, also, it was taken to the home of the mortgagors in Neponset, and executed and acknowledged before a justice of the peace there ; and that it was then given to the justice, who was going to the registry of deeds, to be carried by him to be recorded. There can be little doubt that when the mortgagors delivered it to the magistrate to be taken to the registry, they intended to give it effect immediately, as a completed instrument belonging to the mortgagee. The only question which has been argued is whether there was such an assent by the mortgagee as was necessary to make the delivery effectual. Such assent, being for the benefit of the grantee, will be inferred from slight evidence. *Thayer* v. *Stark*, 6 Cush. 11. *Jordan* v. *Farnsworth*, 15 Gray, 517. *Cowell* v. *Daggett*, 97 Mass. 434. *Amidon* v. *Benjamin*, 128 Mass. 534.

Although Smith was not present at the time of the execution of the mortgage, it appears that he was actively participating in the proceedings. He had demanded the mortgage to secure him for a loan of trust funds made long before on the promise of it. He directed the drawing of it in his own counting-room. In the execution and acknowledgment of it before a justice of the peace at Neponset, the mortgagors were acting by his direction. The natural inference is, that they expected the justice to receive it and carry it to the registry as the agent of the mortgagee, and that he did so receive it. Since they were not merely acting for themselves in the execution of the instrument, but were making it at that time upon the mortgagee's demand, and were proceeding under his direction as to the manner in which the business was to be done, the court might properly infer, in the absence of any objection afterwards, that he impliedly authorized their selection of the justice of the peace to receive the conveyance and carry it to the registry of deeds for him, and consented that the delivery should be made in that way. We are of opinion that there was sufficient evidence to warrant the finding of the court.

*Exceptions overruled.*