JOHN R. GRAHAM *vs.* JOSEPH MIDDLEBY, JR. & others.

Norfolk.    January 29, 1904. — March 31, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Alteration of Instruments.    Practice, Civil.    Evidence,* Burden of proof, Self serving statements.    *Contract,* What constitutes, Specialty, Consideration.    *Bond. . Damages.    Guaranty.*

In an action on an instrument in writing, where the defence is set up that a material alteration was made in the instrument after execution, it is within the discretion of the presiding judge to permit the instrument to be read in evidence, after proof of execution, although it is typewritten and shows on its face that the letter "s" has been added to the word "contract" with a pen, there being evidence tending to show that more than one contract was referred to.

Where in an action on an instrument in writing the defence is set up that a material alteration was made in the instrument after execution, after the plaintiff has proved the execution of the instrument the burden is still upon him to establish the contract on which he has declared.

In an action on an instrument in writing, where it is apparent on inspection of the instrument that either before or after delivery there was an alteration that may have been material, *semble,* that the presiding judge in his discretion may require the plaintiff to offer some explanation of the alteration before permitting it to be read, although the signatures of the parties to be bound have been admitted or proved.

In an action on a bond purporting to guarantee the performance of two contracts annexed to the bond, where the defence is that only one of the contracts was so annexed or referred to, if the bond is typewritten and shows on its face that the letter "s" has been added to the word "contract" with a pen, and the defendants contend that this alteration was made after delivery, and there is evidence that the bond and the two contracts in question although separate were to be treated as one transaction, the issue in substance is whether the several papers constituting the contract shown by the bond were delivered to the plaintiff in the condition disclosed by each paper when offered in evidence.

In an action on a bond purporting to guarantee the performance of two contracts annexed to the bond, where the defence is that only one of the contracts was so annexed or referred to, the defendants cannot put in evidence a conversation among themselves before the bond was executed, not communicated to the plaintiff, in which it was agreed that the bond was to guarantee the performance of only one of the contracts and not the other.

In an action on a bond purporting to guarantee the performance of two contracts of a corporation annexed to the bond, where the defence is that only one of the contracts was so annexed or referred to, if one of the defendants, who was the treasurer of the corporation, called as a witness by the plaintiff, has testified to the execution and delivery of the bond and contracts, he cannot be asked on cross-examination to testify to a statement made by him to another of the defendants, before the bonds and contracts were delivered to the plaintiff and when the plaintiff was not present, in regard to the subject matter of the contract covered by the guaranty of the bond.

The language of a request for an instruction, although correct, need not be followed by the presiding judge in giving the instruction in substance.

In an action on a bond purporting to guarantee the performance of certain contracts annexed to it, it does not matter that the contracts referred to were not annexed to the bond at the time of signing, if it appears that the bond and contracts formed one obligation and were to be executed and then fastened together and placed in the hands of an agent for delivery to the plaintiff.

An action on a bond, guaranteeing the performance of a contract, is for the penalty of the bond, and the amount of damages suffered by the breach of contract is not before the court until after judgment when application is made for an execution.

An instrument under seal is binding without a consideration.

In an action on a bond guaranteeing the performance of a contract by a corporation to return to the plaintiff the money paid by him for a patented storage battery if its use should be enjoined and the injunction should not be dissolved within sixty days, where it appears that the defendants were directors of the corporation, the plaintiff need not show that he gave notice to the defendants of the default of the corporation.

CONTRACT upon a bond signed by the five defendants, in the penal sum of $6,000, the condition of which was that " if the Hatch Storage Battery Company shall in all respects perform and carry out its agreement with said Graham [the plaintiff] contained in the contracts to which this bond is annexed, then this obligation shall be void, otherwise it shall be and remain in full force and virtue." Writ dated August 15, 1901.

In the Superior Court the case was tried before *Sherman*, J.

The action was defended by the defendants Middleby, Edgcomb, Hatch and Davis, the defendant Clare not entering any appearance or making any defence. Clare was the treasurer of the Hatch Storage Battery Company and one of its directors. The other defendants were directors of that company.

The plaintiff brought this action for the benefit of the Quincy and Boston Street Railway Company, to which he had assigned all his interest and for whose benefit he made the contracts above referred to with the Hatch Storage Battery Company. He had paid $6,000 to the battery company, which had been repaid to him by the railway company. One of the contracts alleged to have been referred to in the bond and annexed thereto was an agreement of the battery company to repay to the plaintiff any money paid by him, if the battery company was enjoined from selling the battery which it undertook to sell to the plaintiff and the injunction was not dissolved within sixty days. The battery company and the railway company had been enjoined from using the battery purchased by the plaintiff from the battery company and the injunction had not been dissolved within sixty days. The plaintiff had demanded the return of the $6,000. The defendants contended that the word " contracts " in the condition of the bond had been changed from the word " contract " by the addition of an " s " after execution and delivery and that the contract above stated was not referred to or annexed.

The judge submitted to the jury the following questions, which were answered as stated below:

" 1. Were the three papers, — (1) the contract for the machine, (2) the contract to defend the suit, and (3) the bond signed by the defendants, — fastened together at the time the bond was signed." A. " No."

" 2. Were the three papers 1, 2, 3, all there at the time and place, when the bond was signed, and was it understood that they were to be fastened together by Mr. Clare, and by him delivered to Mr. Graham ? " A. " Yes."

" 3. Was the letter ' s,' inserted in ink after the word ' contract,' put in before the bond was signed ? " A. " Yes."

The jury returned a verdict for the plaintiff in the sum of $6,550, of which $550 was for interest. The defendants alleged exceptions, raising the questions stated by the court.

*A. M. Lyman,* for the defendants.

*Z. S. Arnold,* for the plaintiff.

BRALEY, J. By the terms of the bond, the defendants were held to the obligation that their principal should perform its agreements made with the plaintiff contained in two separate contracts of even date with its execution.

As the bond was typewritten any change or addition by letters in manuscript would be apparent on inspection, but it could not be said that the addition of a single letter to a word in a typewritten instrument is so unusual or extraordinary as to take it out of the common rule of practice that in such a case it is within the discretion of the trial judge, after proof of execution, to permit it to be read in evidence.

If the alteration was of an immaterial nature the integrity of the obligation would not be impaired, but if the change was such as to substantially vary the contract this would constitute a defence.

If the execution of the bond is proved, the burden does not change, but the defendants meet the evidence of the plaintiff by proof that the contract in evidence is not that put in suit, and in such a case the burden of proof remains on the plaintiff throughout the trial to prove the contract upon which he has declared. *Wilde* v. *Armsby*, 6 Cush. 314, 318. *Ely* v. *Ely*, 6 Gray, 439. *Lincoln* v. *Lincoln*, 12 Gray, 45. *Ives* v. *Farmers' Bank*, 2 Allen, 236. *Wilton* v. *Humphreys*, 176 Mass. 253, 257.

But in dealing with this exception the course pursued by the parties at the trial must be recognized. The ruling admitting the bond was not made alone on the view that, where a party offers a written instrument to support a contract set forth in the declaration, and on inspection it is apparent that either before or after delivery there may have been an alteration, the burden remains on the plaintiff to satisfy the jury that the contract offered was the one made by the defendant, and it may be put in evidence on proof of its execution without further explanation; nor was the ruling made upon the ground that there may not be cases where an inspection of the writing apparently shows such a material alteration, that it is then within the discretion of the judge presiding at the trial to require the plaintiff to offer some explanation of the alteration, before permitting it to be read even though the signatures of the parties to be bound may be admitted or proved.

But here there were three papers, the bond and two agreements, one to repay the plaintiff any money that might be paid by him to the Hatch Storage Company if it was enjoined from vending the storage battery which it claimed the right to make

and sell under certain patents held by it, the other referring to the assumption of the expense of any litigation connected with legal proceedings brought against the plaintiff for the use of the battery, but each bearing the same date and simultaneously delivered.

It was contended by the plaintiff that these papers in the form in which they appeared were fastened together and thus received by him, and the question presented and on which the judge ruled ought not to be separated from this aspect of the case, it apparently being understood that if the papers were delivered in this form there had not been any subsequent alteration.

Beyond the fact of an apparent change there was nothing to prove any alteration by him, while there was evidence that it was the understanding of the officers of the company, including the defendants, that the bond and contracts though separate were really to be treated as one transaction. So that the substantial issue was this, whether the several papers constituting the contract shown by the bond were left with the treasurer by the defendants to be by him delivered to the plaintiff in the condition disclosed by each paper when offered in evidence.

Their offer of proof of a conversation between themselves before the bond was signed when the conditions to be inserted were under discussion, in which it was understood that the only undertaking was an agreement to save the plaintiff harmless from the costs of impending litigation, whether treated as a declaration in their favor, and not communicated to the plaintiff, or put on the ground that as he had no knowledge of such a private understanding, he had a right to rely on the bond and contracts in the form in which they were delivered to him by the treasurer, whose general authority to act was apparently undisputed, was inadmissible. *Taft* v. *Dickinson,* 6 Allen, 553. *White* v. *Duggan,* 140 Mass. 18, 19.

The question excluded in the cross-examination of the treasurer of the company falls within a similar limitation. He had testified to the execution and delivery of the bond and contracts, and any statement made by him before they were handed to the plaintiff, and when the latter was not present, cannot be treated as evidence; for the statement alleged to have been made was in his own interest. Nor was his statement admissible to contra-

dict him as a witness, because his interpretation of the contractual rights of the parties had not been offered and clearly was irrelevant; *Carter* v. *Gregory*, 8 Pick. 165 ; *Whitney* v. *Houghton*, 125 Mass. 451 ; *Burns* v. *Stuart*, 168 Mass. 19 ; even if it might also be found that he entertained feelings of hostility towards one of the defendants. *Quigley* v. *Turner*, 150 Mass. 108.

The defendants strongly urge that these conversations were competent evidence to show that they did not execute the bond, under the decision made in *Smith* v. *Jagoe*, 172 Mass. 538. But the cases are different. In the case cited the plaintiff had executed a mortgage drafted on a printed form with blank spaces which were not filled in, and had given authority to the mortgagee to have it filled out by inserting words to cover a single article of personal property. This was done ; but other chattels were also named, and having brought a writ of replevin for them he was allowed to prove against the defendant to whom the mortgage had been assigned that the articles named in the writ were not covered, as no authority had been given to include them in the mortgage. Here the defendants executed an instrument which at the time of signing under either view was completed, and no argument is open that it was signed and delivered in blank, or fraudulently procured by the plaintiff.

The question now presented is not one of authority to write a contract above the signatures of the parties to be bound, and which must be strictly followed, but whether the contract itself, at the time of signing, was fully expressed as to all of its terms, or has since been materially altered.

One of the principal arguments of the defendants on this part of the case relates to the refusal to give the eighth request, in which the fact of annexation at the time of execution is again joined with the rule that the burden of proof was on the plaintiff to show that the bond was signed by the defendants in the form in which it appeared. As we have already said, this stated the law correctly. But no particular or set form of words are recognized by which the principle is to be defined ; any language that conveys to a jury the substance of the rule and its application is sufficient, and it is enough to say that the judge was not required to instruct in the language requested. *Norwood* v. *Somerville*, 159 Mass. 105, 112.

In the instructions given which presented the question in different ways, they were told that if the contract had been materially altered the defendants would not be liable, and they must have plainly understood that in order for the plaintiff to prevail he must satisfy them that the bond introduced in evidence was the same in all parts as when it was signed.

Whether the several papers were annexed at the time of signing, or were detached and separate, would not discharge the defendants as obligors if it was found that they understood that the bond and contracts formed one obligation, and were to be executed and then fastened together and delivered by the treasurer, who was one of their number. They could do this with their own hands, or by the hand of their agent as the jury have specially found. *Commonwealth* v. *White,* 123 Mass. 430, 434. *Greene* v. *Conant,* 151 Mass. 223, 225.

There remain for consideration the other rulings requested, all of which were refused.

Whatever may be the duty of a party who rescinds an executed contract to return anything of value he may have received under it, the express agreement of the company under which the plaintiff acted provided for a termination of the contract and repayment of the money if an injunction prevented the use of the battery. That such an injunction issued and was not dissolved within sixty days thereafter is not disputed, and the condition upon which the obligation of indemnity arose was broken.

But the suit being brought in the name of the obligee, the fact that this contract had been assigned furnished no defence. The action is on the bond to recover the penalty, not on the agreement to secure the performance of which it was given, and the amount of damages which he may be entitled to recover is not before us. R. L. c. 177, §§ 9, 10. *Austin* v. *Moore,* 7 Met. 116, 124.

Being a sealed instrument, a consideration was imported by the form of the undertaking. *Hayes* v. *Kyle,* 8 Allen, 300, 301. *Roth* v. *Adams, ante,* 341. Neither is it shown that, because more than sixty days elapsed after the injunction issued, and before notice was given to the company demanding repayment of the amount paid under the contract, conditions had changed, so that the defendants were compelled to assume a burden from which

they would have been relieved if the plaintiff had acted earlier or had made a demand on them for payment before bringing suit. Besides, they held the office of directors in the company, and must be presumed to have known of its financial condition as well as its title to the patent under which it manufactured the battery and sold it to the plaintiff. The corporation of which they were officers undertook to sell to him a storage battery for which he paid a large sum of money. Evidently its right to make and sell the battery under certain patents held by it was open to legal attack, and the agreement recognized this by the recitals contained in it. Their obligation matured when their principal failed to perform its contract, and no formal notice to them by the plaintiff was required of its default. *Watertown Ins. Co.* v. *Simmons,* 131 Mass. 85, 86. *Welch* v. *Walsh,* 177 Mass. 555.

This disposes of the various questions raised at the trial, and as no error of law appears the order must be,

*Exceptions overruled.*