BRUNO, Appellant, vs. HICKMAN and others, Respondents.

*March 11—April 5, 1921.*

*Assault and battery: Inadequate damages: Witnesses: Proof of conviction of criminal offense: Purpose: Motion to change venue: Not proper after verdict and before new trial granted.*

1. Where defendants assaulted plaintiff and beat him into unconsciousness, causing a scalp wound which bled profusely and reopened about six months afterwards, plaintiff being in bed from the assault for twenty-seven days and under a doctor's care for six months, and though strong and healthy

prior to the assault was not subsequently in good health and could not work regularly or command a man's pay, and had pains in his head quite often, a verdict for $60 was wholly inadequate.

2. Under sec. 4073, Stats., authorizing proof of a conviction of a criminal offense to affect the credibility of a witness, a defendant sued for assault may be asked on cross-examination whether he was convicted for committing such assault, and the question, being competent to affect his credibility, cannot be excluded because of its irrelevancy on the question whether the assault was committed.

3. Plaintiff's motion for a change of the place of trial at the same time that he moved for a new trial was not timely made, though it will be proper to make this motion in advance of another trial after a new trial has been granted.

APPEAL from a judgment of the circuit court for Clark county: E. C. HIGBEE, Judge. *Reversed.*

Action to recover damages for assault and battery. The jury returned a verdict in favor of the plaintiff for $60. From a judgment entered thereon plaintiff brings this appeal.

*Andrew Gilbertson* of Milwaukee, for the appellant.

For the respondents there was a brief by *Rush & Devos* of Neillsville, and oral argument by *W. J. Rush.*

OWEN, J. The evidence shows that in the evening of October 14, 1916, the defendants assaulted and beat the plaintiff, rendering him unconscious. The affray took place at a country dance. The plaintiff was taken home in an unconscious state. He had a scalp wound, evidently caused by some blunt instrument, and was bleeding profusely. He was sick in bed for twenty-seven days. He was under a doctor's care for six months. There was a reopening of the wound about six months after the injury. He was thirty-three years of age, and prior to the assault was a strong, healthy man. He has not been in good health since the assault, according to his testimony and that of his parents. He does not work regularly, and has not commanded

a full man's pay. He has pains in his head quite often. Prior to the assault he had no pains or trouble with his head. The jury brought in a verdict for the plaintiff and assessed his damages at $60. This was less than $2.25 a day for the time he was actually sick in bed, to say nothing of his period of convalescence, his pain and suffering, his impaired condition of health, his impaired earning power, or of his expenses for medicines and medical services.

It is true that the evidence bearing upon the question of damages is somewhat meager. We find no evidence concerning the extent of plaintiff's pain and suffering, concerning his earning power, nor the length of time during which he was completely incapacitated for work, nor the amount of time he has lost by reason of his impaired health, nor the amount of his expense for medicines and medical care. But even this meager state of the record cannot justify the grossly inadequate damages assessed by the jury. If the plaintiff was entitled to recover at all, certainly upon what does appear in the record he was entitled to recover much more than $60. The $60 would not be exorbitant damages for the loss of time during which he was actually confined to his bed. The opening of the wound about six months thereafter indicates pretty conclusively that the injurious results of the assault did not terminate with his rising from bed. By no reasonable assumption can his loss of time be measured by that period during which he was actually confined to his bed. The testimony concerning the impaired condition of his health and his impaired earning power is not disputed. That he must have suffered pain is a matter of common knowledge.

The plaintiff made a motion to set the verdict aside on the ground that it was perverse. We think the motion should have been promptly granted. A verdict for $60 for damages such as the evidence shows the plaintiff sustained is wholly inadequate, as a matter of common knowledge. Such ver-

dicts bring reproach to the jury system and, if allowed to stand, lessen respect for courts. No court should lend its approval to such a palpable miscarriage of justice.

A question relating to the admissibility of evidence should be considered. Upon cross-examination plaintiff's counsel propounded to one of the defendants this question: "Were you convicted at the last term of the circuit court here for committing an assault upon this plaintiff, *Basil Bruno,* at the time referred to in this—?" Objection made to the question at this point was promptly sustained by the court. This question was proper and the answer should have been received. Sec. 4073, Stats., authorizes proof of a conviction of a criminal offense for the purpose of affecting the credibility of a witness. This proof may be made by way of cross-examination of the witness himself or by introduction of the judgment of conviction. *Farrell v. Phillips,* 140 Wis. 611, 123 N. W. 117. Of course such evidence is not admissible as bearing upon the question of whether the defendant in fact committed the assault. It is only admissible for the purpose of affecting the credibility of the witness, and the jury should be plainly and carefully instructed to that effect. The court evidently excluded the evidence because of its manifest irrelevancy to the question of whether the assault had been committed. However, the statute makes the evidence admissible as affecting the credibility of the witness, and if proffered evidence is admissible for any purpose it cannot be excluded. Such evidence was held admissible under a similar statute in *Quigley v. Turner,* 150 Mass. 108, 22 N. E. 586, and in view of the provisions of sec. 4073 we think its exclusion was improper.

The plaintiff moved for a change of the place of trial at the same time that he moved for a new trial. This motion was denied. He assigns this also as error. We shall not consider the merits of the ruling upon this motion. It was not timely made. A motion for a change of the place of trial should be made before and not after the trial. It is a rather

novel idea that a litigant may move for a change of the place of trial after a verdict has been rendered against him and before a new trial has been ordered.   We know of no warrant for such procedure.   The case must be remanded for a new trial.   It will be proper for plaintiff to make this motion in advance of another trial.·

*By the Court.*—Judgment reversed, and cause remanded for a new trial.