MARY J. BOARDMAN *vs.* FRANCIS S. HESSELTINE.

Middlesex.	December 1, 1908. — January 6, 1909.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Probate Court,* Petition to revoke decree allowing will. *Fraud. Will.*

After the proof and allowance of a will, the widow of the testator filed a petition in the Probate Court, alleging that at the time when he signed the will her husband was of unsound mind, that the will was not legally executed, and that the executor who sought and procured its proof and allowance knew such facts and procured the proof and allowance by fraud. The Probate Court dismissed the petition, and it was heard on appeal by a single justice of this court, who found that the petitioner had opposed the allowance of the will in the Probate Court, that thereafter she had appealed from such allowance and that, after the entry of the appeal in this court, a waiver of appeal had been filed, which was signed by her personally and the purport of which she understood when she signed it; that after the allowance of the will she had not waived its provisions, but had received payments of sums directed by its provisions to be paid to her, and that there was no fraudulent concealment by the executor as alleged. The single justice, on the facts found by him, dismissed the petition. *Held,* that the dismissal of the petition was proper.

At a hearing before a single justice of an appeal from a decree of the Probate Court dismissing a petition for the revocation of a previous decree of that

court allowing a will, where the petition which is being heard on appeal alleges that the previous decree was procured by fraud of the person named as executor in the will through his concealing from the court the facts that the alleged testator was of unsound mind when he executed the instrument and that it was not legally executed, it is proper for the justice to refuse to hear evidence as to whether or not the alleged testator was of sound mind when he executed the instrument except in connection with evidence which might tend to show knowledge on the part of the executor of the unsoundness of mind of the testator when he executed the will, or fraud of the executor in procuring the allowance of the will, since the issues as to the execution of the will and the soundness of mind of the testator, having been fully tried and determined, could not be reopened by such a petition merely on the ground that they were not decided in accordance with the facts.

PETITION, filed in the Probate Court for the county of Middlesex by the widow of George F. Boardman late of Melrose, seeking a revocation of a decree of that court allowing the will of Boardman.

The petition was dismissed in the Probate Court by *Lawton*, J. On appeal to the Supreme Judicial Court, the case was heard by *Morton*, J., who dismissed the petition and reported the facts for the determination by the full court as to the correctness of his ruling. The facts are stated in the opinion.

*E. F. Brady*, for the petitioner.

*F. S. Hesseltine & W. D. Gray*, for the respondent, were not called upon.

KNOWLTON, C. J. The petitioner, who is the widow of George F. Boardman, brought this petition for a revocation of a decree of the Probate Court, ordering the probate and allowance of her husband's will. In her petition she averred that the will was not legally executed, and that her husband was not of sound mind when he signed it. Subsequently she filed an amendment to the petition, charging that the probate and allowance of the will were obtained by fraud of the person named in it as executor. The petition was dismissed by the Probate Court and the petitioner appealed.

At the hearing before a single justice of this court, he found, among others, the following facts. The petitioner appeared and contested the allowance of the will in the Probate Court and was duly heard. The will was allowed and she appealed. The appeal came on for hearing in the Supreme Judicial Court, after due notice to the petitioner and her counsel. A waiver of the appeal was filed by her counsel, and thereupon, after a hearing,

the decree was affirmed and the case was remitted to the Probate Court. She took no steps to have this revoked until the filing of this petition, nearly two years after the final allowance of the will. She discharged the counsel who acted for her in the original proceedings and employed other counsel, and afterwards, acting either under advice or of her own motion, she decided not to waive the provisions of the will, and did not waive them. Through her counsel she received from the executor and trustee the annuity which was payable to her under the will, for herself and her children, and receipted for it. The executor did not intentionally and fraudulently conceal from the Probate Court, as alleged in the petition, the fact that George F. Boardman was not of sound mind at the time of the execution of the will, and did not know that the instrument had not been signed by said Boardman in the presence of three attesting witnesses, and did not perpetrate a fraud upon the court in offering the instrument for probate and in securing the allowance of it. All the persons whose depositions were annexed to the petition, in support of it, testified originally in the Probate Court, either for the proponent or the testator. The petitioner averred in her petition that she did not contest the will in the Probate Court, and introduced evidence tending to show that the instrument that she signed, which was a waiver of appeal, was not a waiver of the appeal, but a request for a continuance. The judge found against her on these points, and believed that when she signed the paper she knew it was a waiver of the appeal, and not a request for a continuance.

The judge ruled that the petitioner could introduce any evidence tending to show that a fraud was practised upon the court in procuring the probate of the will, but declined to hear evidence that the testator was not of sound mind, except in connection with evidence which might tend to show knowledge of the testator's unsoundness of mind on the part of the executor, or which might tend to show fraud of the executor in procuring the probate of the will.

Upon these facts and findings it is plain that the petition was rightly dismissed. No reason is shown for revoking the decree allowing the will and trying the case again. The issues as to the execution of the will and the soundness of mind of the tes-

tator were fully tried and regularly determined. They cannot be opened, simply on the ground that the decision was not in accordance with the facts. The judge was right in excluding evidence on these issues, in the absence of testimony tending to show the practice of fraud upon the court, or some accident or mistake or misunderstanding in the proceedings before the court, such as, in justice, should call for a revocation of the decree and a rehearing of the case. *Waters* v. *Stickney*, 12 Allen, 1. *Gale* v. *Nickerson*, 144 Mass. 415. *Tucker* v. *Fisk*, 154 Mass. 574. *Crocker* v. *Crocker*, 198 Mass. 401.

*Decree of Probate Court affirmed.*