. GODDA R. ZEITLIN *vs.* ADOLPH ZEITLIN.

Middlesex.   March 9, 1909. — May 21, 1909.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Marriage and Divorce*, Petition to vacate decree.   *Superior Court.   Judgment.*

The Superior Court has no power to vacate a decree for divorce after it has become absolute, where the court had jurisdiction to grant the decree, even though the decree was made because of perjured testimony knowingly procured by the libellant, and because of gross fraud practised upon the court.

PETITION filed in the Superior Court for the county of Middlesex on October 3, 1906, to vacate a decree of divorce, which was entered *nisi* in that court on March 8, 1905, and which became absolute on September 8, 1905.

The petition was heard by *Fessenden*, J., who allowed the petition and vacated the decree and, the respondent appealing, reported the case for determination by this court. His report stated, among other facts, the following :

The alleged ground for the divorce was desertion. " The libel was properly brought in Middlesex county on May 5, 1904, was uncontested, and was heard and determined by *Aiken*, C. J., on March 8, 1905. The libellee had notice in due course of the pendency of the libel, the libellant in accordance with the order of the court having mailed to her, postage prepaid, at her address in Mogilow, Russia, a certified copy of the libel with the order of notice thereon, which papers she duly received before June 10, 1904. The libellee at the time she received these papers was a person of little education and entirely ignorant of the English language; she had no money with which to come to Massachusetts; and the libellant, who had been in this country for some years, had made no effort to send her money for the purpose of coming here to contest the divorce libel or for any other purpose. Mogilow is a city of some size in the interior of Russia.

" Shortly after the entry of the decree *nisi* the libellant wrote a letter to the libellee at her address in Mogilow, in her native tongue, informing her of the divorce proceedings and of said decree. That letter she duly received.

" The decree *nisi* on the ground of desertion was obtained upon the evidence of the libellant and of one Pinzur, the libellant's brother in law, a Russian immigrant, who had arrived in this country shortly before the filing of the libel, and who testified that he had called upon the libellee in Russia shortly before sailing for America, and that she had then positively refused to come to America at any time. The testimony of this witness was false, the fact being that the libellee had expressed to Pinzur her willingness to come to this country. The libellant knew that this testimony of Pinzur was false, for Pinzur had told him, before the hearing on the divorce libel, of the libellee's willingness to come to America. After consultation with the Chief Justice, which was had with the consent of the parties, I find as a fact that the decree *nisi* would not have been entered without the evidence of the witness Pinzur, but on the contrary that the libel would have been dismissed.

" The libellee came to the United States in July, 1906, which was as early as she was able to come after getting notice of the divorce proceedings, and filed this petition. If material, I find that in the mean time, but after the decree *nisi* had become abso-

lute, the libellant, having no notice of any such proposed action on the part of the libellee, married again, and had a child by his second wife. This second wife and the child are now living.

" On the above facts I found that a gross fraud had been perpetrated on the court in the obtaining of the decree *nisi.*"

*F. R. Hall,* for the respondent.

*R. Homans,* (*F. J. Sulloway* with him,) for the petitioner.

KNOWLTON, C. J. This is a petition to vacate a decree of divorce obtained by the respondent against the petitioner. The jurisdiction of the court that granted the divorce, both over the case and the parties, was perfect. The ground on which the petition rests is that the case for a divorce was made out at the hearing by perjured testimony, knowingly procured by the libellant. The only question presented is whether a decree of divorce so obtained should be vacated upon proof of the fraud practised upon the court.

It is in the interests of justice that, after a trial and final judgment in a case, the matters heard and adjudicated shall not be opened for a further hearing because of a supposed error in the determination of facts by the tribunal that heard the evidence. A contention that some part of the material testimony was false might be made with plausibility in a large proportion of the cases that are tried. A contention that the prevailing party knowingly gave or procured false testimony, upon an issue involved, might be made and strongly supported in a great many cases. It is against public policy to open cases on no other ground than this.

In *Keyes* v. *Brackett,* 187 Mass. 306, it was assumed, with a citation of authorities, that the law does not permit an attack of this kind upon a judgment or decree, entered upon the merits, after a hearing or trial between adverse parties upon issues arising in an ordinary case in a court of justice. The fraud that was held sufficient to give relief in that case was practised upon a master, on the question whether a bond to dissolve a mechanic's lien should be approved as sufficient. Fraud which is extrinsic or collateral to the matter tried, whereby the court was induced to assume jurisdiction when in fact it had no jurisdiction, or whereby the unsuccessful party was prevented in any way from being properly heard upon a subject which entered into the

merits of the matter before the court, may be a ground of vacating a judgment or decree. But in *Holbrook* v. *Holbrook*, 114 Mass. 568, Chief Justice Gray said: " A decree of divorce will not be vacated or set aside by the court after the term at which it was entered, without clear proof that the libellee was prevented by fraud of the libellant or imposition upon the court from being heard in the original suit upon some matter which, if then proved, would have constituted a good defense." In *Greene* v. *Greene*, 2 Gray, 361, Chief Justice Shaw pointed out very clearly the objections to setting aside a decree for divorce upon an application in subsequent proceedings. One of the facts to which he referred, namely, a marriage upon the faith of the decree and the birth of a child of the marriage, exists in the present case. In *Edson* v. *Edson*, 108 Mass. 590, it was held that such a decree may be vacated when the jurisdiction of the court was founded wholly or in part upon the fraud of the successful party. The decision in *Greene* v. *Greene*, 2 Gray, 361, that a libel to set aside a decree of divorce on the ground that it was obtained by false testimony, fraudulently procured, cannot be maintained, is reaffirmed in this later case. The fact that the application to set aside the original decree was contained in a libel in which a divorce was prayed for was treated as immaterial. The Chief Justice said: " We can perceive no difference between a case where a libellant inserts such an allegation and prayer in an original libel by which she seeks a divorce *a vinculo* on another ground, and a case where such an allegation and prayer are made the only subject of an original libel to set aside a former decree. The object in both cases is to reverse and annul a subsisting decree." This decision is in accordance with the general doctrine in other courts. *United States* v. *Throckmorton*, 98 U. S. 61. *Smith* v. *Lowry*, 1 Johns. Ch. 320. *Pico* v. *Cohn*, 91 Cal. 129. *Maryland Steel Co.* v. *Marney*, 91 Md. 360, 374. 2 Bish. Mar. & Div. 1571, and cases cited.

*Decree reversed.*