JOSEPH H. BOYD *vs.* FLORENCE M. BOYD.

Suffolk.    November 21, 1916. — May 23, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Marriage and Divorce,* Petition to vacate decree. *Judgment. Superior Court.*

The Superior Court has no power to vacate a decree dismissing a libel for divorce where the court had jurisdiction, although the decree dismissing the libel was obtained by fraud and deceit practised upon the court by the giving of false testimony. Following *Zeitlin* v. *Zeitlin*, 202 Mass. 205.

PETITION, filed in the Superior Court on June 24, 1915, by Joseph H. Boyd to vacate a decree of that court entered on June 26, 1913, dismissing a libel for divorce filed by the petitioner, and for a new hearing on such libel.

The petition was heard by *Morton*, J. At the hearing the petitioner asked the judge to make the following rulings:

"1. If the libellant shall show that the decree dismissing his libel was obtained by fraud and deceit practised upon the court by the giving of false testimony, then the libellant may, as a matter of law, have said decree vacated and a new trial.

"2. If the libellant shall show that the decree dismissing his libel was obtained by fraud and deceit practised upon the court by the giving of false, though mistaken, testimony, then the libellant may, as a matter of law, have said decree vacated and a new trial.

"3. A petition to vacate a decree dismissing a libel for divorce is not within the rule laid down in the case of *Zeitlin* v. *Zeitlin*, 202 Mass. 205.

"4. If the libellant shall show that testimony at the previous

trial in regard to the presence of the libellant at certain times under circumstances indicating an adulterous relation between the libellant and the co-respondent named by the libellee in her petition was false in that some other person than the libellant was at that time and place in those circumstances, then the libellant as a matter of law is entitled to have the decree dismissing his libel vacated and a new trial.

"5. If the libellant shall show that the decree dismissing his libel was entered because of fraud and deceit practised upon the court by the giving of false testimony and that counsel for the libellant being taken by surprise by the said false testimony did not procure a continuance of the case in order to procure evidence which might have been accessible to him to rebut the false testimony, the libellant, as a matter of law, is entitled to have his decree dismissing his libel vacated and a new trial in the said cause.

"6. If it shall appear that the decree dismissing the libel was procured by fraud upon the court and upon the libellant, to wit, — by the giving of false testimony, and on account of the same the libellant was prevented from a fair trial upon the merits, he is entitled as a matter of law to have the decree set aside.

"7. If it shall appear from the testimony and affidavits in the case that the decree was procured by certain false testimony against which false testimony the libellant had a good defence, which, without his fault and without fault on his part, he was unable to avail himself of because of the said false testimony, then he is entitled, as a matter of law, to have the decree in the said cause set aside."

The judge refused to make any of these rulings, and thereupon, without hearing any evidence, ruled that as a matter of law upon the pleadings the petitioner had no right to the allowance of his petition. He made an order dismissing the petition; and the petitioner alleged exceptions.

The case was submitted on briefs.

*E. R. Anderson & H. Guild,* for the petitioner.

*R. W. Frost & M. B. Breath,* for the respondent.

LORING, J. This is a petition by a husband to vacate a decree dismissing a libel brought by him for divorce. The libel in question and a cross libel brought by the wife were tried together on

the merits. Both parties were represented by counsel. After a full trial both libels were dismissed. Two years later this petition was brought by the husband to vacate the decree dismissing the libel brought by him. This petition to vacate is based on the ground that at the trial of the original libel testimony of adultery committed by him was put in evidence and that that testimony was false and on the ground that "by reason of the manner in which the said cause was tried by the then counsel for your petitioner" he was deprived of a full and just hearing upon his original cause of action.

When the petition to vacate came on for hearing the petitioner made seven requests for rulings which are set forth in the statement of the case.

The judge before whom the petition came for hearing refused all these requests and to that refusal the petitioner took an exception. Thereupon without hearing any evidence the judge ruled that as matter of law the allegations of the petition did not state a cause for vacating the decree and to that ruling the petitioner took an exception. An order was thereupon made for the entry of a decree dismissing the petition and to that order the petitioner took an exception.

*Zeitlin* v. *Zeitlin,* 202 Mass. 205, is decisive of all questions raised by these exceptions.

The petitioner seeks to escape from that decision on the ground that in that case there had been a second marriage (and a child born of that marriage) consequent on the decree which it was sought to vacate in that suit. The decree sought to be vacated in that case was a decree granting a divorce. The fact of the subsequent marriage and the birth of the child existed in that case and was stated in the opinion. But that was not the ground of the decision in that case. The decision was founded upon considerations of public policy apart from that fact and it is so stated there.

In the second place the petitioner has sought to bring this case within *Edson* v. *Edson,* 108 Mass. 590. But that case was considered in the opinion in *Zeitlin* v. *Zeitlin, ubi supra,* and distinguished on the ground that the false testimony in that case led the court to think that it had jurisdiction when in fact it had not.

Finally, the petitioner has asked us to reconsider the decision

in *Zeitlin* v. *Zeitlin.* After a full consideration of the matter we are satisfied that *Zeitlin* v. *Zeitlin, ubi supra,* was well decided and that it should stand.

<div align="right">

*Exceptions overruled.*