FRANK W. MORRISON, administrator, *vs.* BERKSHIRE LOAN AND TRUST COMPANY.

Berkshire.    January 9, 10, 1918. — February 28, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Executor and Administrator. Payment.*

A voluntary payment of a debt to an executor of the will of the creditor appointed in another State by the law of which he is authorized to receive it is valid.

A testatrix at the time of her death had her domicil in this Commonwealth, but her will was not offered for probate here and was proved in a Surrogate's Court in the State of New York, that was assumed to have had jurisdiction to admit the will to immediate probate, as decided in *Morrison* v. *Hass, ante,* 514. A trust company in this Commonwealth, which held money that belonged to the testatrix at the time of her death, paid it to such executor upon demand, and four years later the Probate Court of the county of this Commonwealth in which the testatrix was domiciled at the time of her death, upon a petition filed by the Tax Commissioner, appointed a certain person the administrator of her estate, who demanded from the trust company the payment of the fund that had belonged to the intestate on the ground that its payment to the New York executor was unauthorized. *Held,* that the defendant had the right to make the payment to the New York executor if it chose to do so without invoking the protection of our courts.

In the same case it was *pointed out* St. 1909, c. 527, § 7, had no application to the action.

In the same case it was *said* that R. L. c. 148, § 3, not having been relied upon by the plaintiff nor referred to by him as applicable, need not be considered.

CONTRACT by the administrator appointed in this Commonwealth of the estate of Mary D. Hass, late of the town of West Stockbridge, to recover $1,334.08 deposited by Mary D. Hass with the defendant and in its hands at the time of her death. Writ dated March 23, 1916.

In the Superior Court the case was heard by *Chase,* J., upon an agreed statement of facts, containing the facts that are stated in the opinion. The judge refused to rule that the plaintiff was entitled to recover and found for the defendant. The plaintiff alleged exceptions.

*F. W. Morrison, (A. E. Seagrave* with him,) for the plaintiff.

*E. B. Chapin,* for the defendant.

DE COURCY, J. It appears in the agreed statement of facts that Mary D. Hass died on September 22, 1910, testate, and that at the time of her death she had an account with the Berkshire Loan and Trust Company of Pittsfield in this Commonwealth. Her will was proved and allowed by the Surrogate's Court of the County and State of New York and John D. Hass was appointed executor and duly qualified as such. On November 30, 1910, the defendant paid over to that executor the deposit, then amounting to $1,334.08. Four years later the plaintiff was duly appointed administrator of the estate of said Mary D. Hass in our county of Berkshire, — no document purporting to be the will of said Mary D. Hass having been filed for probate in that county. After making demand on the defendant for the payment to him as administrator of said $1,334.08, on March 23, 1916, he brought this action of contract for the recovery of that sum with interest. The trial judge found that the domicil of Mary D. Hass at the time of her death was in West Stockbridge in the county of Berkshire, refused to make certain rulings requested by the plaintiff and found for the defendant.

This case was argued with that of *Morrison* v. *Hass, ante,* 514. For the reasons stated therein we must assume that the New York court had jurisdiction to admit the will of Mrs. Hass to original probate and that at common law John D. Hass, as executor, had a right to collect the debt due to the estate in this jurisdiction, provided the debtor was willing to make payment without invoking the protection of our courts. *Rackemann* v. *Taylor,* 204 Mass. 394. *Gardiner* v. *Thorndike,* 183 Mass. 81. And see *Kennedy* v. *Hodges,* 215 Mass. 112; *Smith* v. *Second National Bank of New York,* 169 N. Y. 467.

The contention of the plaintiff, that the payment of the deposit by the defendant was invalid by reason of St. 1909, c. 527, § 7, cannot prevail. Under that statute "Any person or corporation that delivers or transfers any securities or assets belonging to the estate of a non-resident decedent before all taxes imposed thereon by the provisions of this act have been paid or secured according to law, shall be liable for such tax in an action of contract brought by the Treasurer and Receiver General." The record in this case makes no reference to the existence of any inheritance tax, nor is this a proceeding by the proper State official to enforce a liability

for such a tax.   This action is one by an administrator to compel the defendant to pay a second time the entire deposit, on the ground that the first payment was unauthorized and invalid.

As the plaintiff has not relied upon or referred to R. L. c. 148, § 3, as applicable to this case, we deem it unnecessary to consider it.   See *Gardiner* v. *Thorndike*, 183 Mass. 81, 85.

*Exceptions overruled.*