HAROLD S. RENWICK & another *vs.* WILLIAM B. MACOMBER.

Bristol. March 3, 1919. — October 9, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Will,* Attesting witness, Notice of petition. *Notice. Res Judicata. Judgment. Probate Court,* Petition to vacate decree.

A witness to a will is not disqualified by reason of interest because at some time before the making of the will the person named in the will as executor and sole legatee agreed in writing to give him a third interest in any amount which should come to such person from a certain fund, whether it should come to him under the will or by assignment from one of two persons other than the testator.

A general notice by publication of a petition for the allowance of a will and the mailing of copies of such notice to all persons interested in the estate of the alleged testator are sufficient for the purpose of allowing the will, even if the notice failed to reach the next of kin of the alleged testator.

A rescript of this court not followed by a final decree of the trial court cannot be set up as *res judicata.*

The Probate Court has no power to vacate a decree made by that court, many years before, allowing a certain will in a case where the court had jurisdiction of the parties and the subject matter, upon proof that the will was procured by undue influence on the part of the executor, who was also the sole legatee, and who knew or should have known that the alleged testator was not competent to make a will, even assuming that the executor perpetrated a fraud upon the Probate Court in procuring the allowance of the will.

APPEAL from a decree of the Probate Court for the county of Bristol made on March 29, 1918, among other things revoking a decree of that court made on August 2, 1907, allowing a certain instrument as the last will of Frederick W. Renwick.

The case was heard by *De Courcy,* J., who made certain findings of fact, including those that are stated in the opinion, and reserved the case for determination by the full court. The finding of the single justice in regard to an attesting witness of the will alleged to have been disqualified by interest was as follows: "A. Edwin Clark, Mr. Macomber's attorney, was one of the attesting witnesses to the will. He became incapacitated December 3, 1906. It appears that at some time before the making of the will, Mr. Macomber in writing agreed to give to him one third interest in the 'trust fund.' The petitioners contend that Mr. Clark was thereby disqualified by interest from being a subscribing witness. If that issue is open under this petition, I find that the respondent Macomber did not at that time believe that the 'trust fund' under the will of Annie E. Renwick, [the stepmother of the alleged testator] in which said Frederick W. Renwick had a life interest, would pass under Frederick's will; but that the agreement was to pay to Mr. Clark one third of the amount which Macomber might finally recover of that fund, — whether it should come to him under the will, or under the assignment from Frederick's brother Stanhope, or under the assignment he later obtained from Henrietta H. Weeden, the residuary legatee of Annie E. Renwick's will."

The petitioners to whom the decree of revocation was granted were alleged to be the only next of kin of Frederick W. Renwick.

The case was argued at the bar in March, 1919, before *Rugg,* C. J., *De Courcy, Crosby, Pierce, & Carroll,* JJ., and afterwards was submitted on briefs to all the Justices except *Jenney,* J.

*E. J. Hadley,* (*B. B. Barney* with him,) for the respondent.

*C. R. Cummings,* for the petitioners.

PIERCE, J. The case is before us on a reservation by a single justice and is an appeal by the respondent from a decree of the Probate Court entered March 29, 1918, revoking its decree of August 2, 1907, allowing the will of Frederick W. Renwick. Frederick W. Renwick, although described in the will as of New York, at the trial of the appeal upon ample evidence was found by the single justice to have had his domicil at the time when the alleged will was executed, and until his death, in New Bedford, Massachusetts. It follows that the probate proceedings were properly had in the county of Bristol in this Commonwealth.

The assignment of Macomber to the attesting witness Clark, conferred upon Clark at the most an interest in a fund which was contingent upon the death of Frederick W. Renwick without leaving a child or children. This was not such a present vested pecuniary interest in the property to be disposed of under the will as rendered the witness incompetent. *Hawes* v. *Humphrey,* 9 Pick. 350. *Northampton* v. *Smith,* 11 Met. 390, 396. *Luke* v. *Leland,* 6 Cush. 259. *Boston Safe Deposit & Trust Co.* v. *Bacon,* 229 Mass. 585.

The general notice by publication of the petition for probate of the will, and the mailing of a copy thereof to those interested in the estate, were sufficient to justify the final decree admitting the will to probate, even if it failed to reach the petitioners in this appeal. *Bonnemort* v. *Gill,* 167 Mass. 338, 340.

The jurisdiction of the court, which allowed the will without objection on the testimony of one witness only, was perfect over the parties and subject matter.

The decision in *Renwick* v. *Macomber,* 225 Mass. 380, is not *res judicata* of the pending issue for the reason, among others, that no final decree has been made in the Supreme Judicial Court after rescript.

The facts reported do not in terms or by inference establish that the testimony of the single witness was fabricated and perjured, and are entirely consistent with the presumption of the honesty of the witness and of his purpose to state the truth and the whole truth as he understood it.

The facts found incontrovertibly prove that Macomber, the

executor nominated in the will, while trustee of a fund held by
himself and another for the benefit of the testator, was on terms
of closest intimacy with the testator from 1902 until the death of
the testator in 1907; they also establish that Macomber by reason
of such relation and intimacy had knowledge that the testator was
a victim of syphilis and paresis, that when he executed the will,
and for a year before, he manifested unsoundness of mind by con-
duct and delusion, and that when he died less than a year there-
after he died of paretic dementia.

It is specifically found that the testator "left all his estate to
Mr. Macomber, and in case he predeceased him, to Mr. Macom-
ber's children;" as also "that the will was procured by undue in-
fluence on the part of the respondent Macomber . . . that the
respondent perpetrated a fraud upon the Probate Court by pro-
curing the probate of the alleged will of Frederick W. Renwick,
when he knew or should have known that Renwick was not com-
petent to make a will, and that the instrument was procured by
his (the respondent's) undue influence." Assuming, without de-
ciding, that the single justice rightly found that fraud in fact was
perpetrated on the Probate Court by the failure of the executor,
who was also sole legatee, to make known to the court, when he
offered the will for probate, material facts which, disclosed, would
have demonstrated that Frederick W. Renwick was not of sound
and disposing mind and memory when he signed the alleged will,
and would have shown that the executor and legatee, by reason of
the unsoundness of the mind of the testator and of the undue in-
fluence which the executor was thereby enabled to exercise, was
made sole legatee, the only question presented is whether a decree
of probate can be vacated after the time for an appeal from the
decree has passed, upon proof of such concealment and suppression
of facts.

It was said in *Zeitlin* v. *Zeitlin*, 202 Mass. 205, that "It is in the
interests of justice that, after a trial and final judgment in a case,
the matters heard and adjudicated shall not be opened for a
further hearing because of a supposed error in the determination
of facts by the tribunal that heard the evidence. A contention
that some part of the material testimony was false might be made
with plausibility in a large proportion of the cases that are tried.
A contention that the prevailing party knowingly gave or procured

false testimony, upon an issue involved, might be made and strongly supported in a great many cases. It is against public policy to open cases on no other ground than this." The suppression or concealment of material facts as distinguished from the introduction of false and fabricated testimony does not, and in principle should not, change the accepted rule of public policy that litigation should cease when parties have had a day in court.

The petitioners do not question that the rule of *Zeitlin* v. *Zeitlin, supra,* affirmed in *Boyd* v. *Boyd,* 226 Mass. 542, is the settled doctrine when applied to courts of common law jurisdiction, but contend that it does not obtain in probate courts on petitions to vacate their decrees. Conformity in rules concerning the integrity of judgments of all courts of superior and general jurisdiction should obtain when possible. The probate courts since St. 1891, c. 415, § 4, are courts of superior and general jurisdiction, and are of the same dignity as common law and equity courts. Whatever may be found of decision and *dicta* before 1891, since St. 1891, c. 415, § 4, no case governing probate proceedings has been decided which is in conflict with *Zeitlin* v. *Zeitlin, supra;* and that case must be taken to have established the law relating to the vacation of judgments for all courts of superior and general jurisdiction without regard to their history, origin or practice.

We find nothing in conflict in the decisions of the cases of *Stetson* v. *Bass,* 9 Pick. 26, *Peters* v. *Peters,* 8 Cush. 529, *Waters* v. *Stickney,* 12 Allen, 1, *Newton* v. *Seaman's Friend Society,* 130 Mass. 91, *Gale* v. *Nickerson,* 144 Mass. 415, *Tucker* v. *Fisk,* 154 Mass. 574, *McKay* v. *Kean,* 167 Mass. 524, *Wilton* v. *Humphreys,* 176 Mass. 253, *Crocker* v. *Crocker,* 198 Mass. 401, and *Boardman* v. *Hesseltine,* 200 Mass. 495.

A majority of the court are of opinion the decree appealed from should be reversed, and a decree entered dismissing the petition praying for revocation of the decree allowing the will of Frederick W. Renwick.

*Decree accordingly.*