## CASSIE WRIGHT *vs.* WILLIAM B. MACOMBER.

Bristol.    March 31, 1921. — May 28, 1921.

Present: RUGG, C. J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

*Probate Court,* Jurisdiction, Decree: revocation.

A testator at the time of his death was domiciled in another State but left property in this Commonwealth to be administered.   The person named as executor in the will filed in a Probate Court in this Commonwealth a petition for the proof of the will in which, in good faith, he alleged that the testator had died domiciled in a city in the county where the petition was filed, and, upon an order of the court as to notice, he published a citation as directed and mailed a copy of it in such a way that the testator's widow, from whom he had been separated for twenty-four years, did not receive the notice, and he fraudulently concealed from her that her husband had left an estate and that his will was offered for probate.   She knew of her husband's death but had no knowledge that he had left an estate.   The will was allowed by decree of that court and, more than eleven years and seven months later, the widow filed a petition for the revocation of the decree, upon the hearing of which, besides the facts above recited, it appeared that, when the testator had made the alleged will, he was of unsound mind and that it was procured by undue influence of the person named as executor therein, the petitioner for its probate.   *Held,* that

(1) Although the rule that primary proof of a will should be where the testator was domiciled at the time of his death ordinarily should not be departed from, in the circumstances above described the presence of property in this Commonwealth to be administered gave the Probate Court jurisdiction to allow primary proof of the will;

(2) The publication of the citation as ordered by the court and the mailing of the copy were sufficient to justify the decree allowing the will, even if no copy of the notice was received by the widow;

(3) Since the Probate Court had jurisdiction for the reasons above stated, the fact that the petitioner for probate fraudulently neglected to give the widow notice of the petition was not an inducing of the court to take jurisdiction when none existed;

(4) The Probate Court did not assume jurisdiction which it could not have exercised if the truth had been known: distinguishing *Sampson* v. *Sampson,* 223 Mass. 451;

(5) The facts above described were not a sufficient reason for the revocation of the decree allowing the will: following *Zeitlin* v. *Zeitlin,* 202 Mass. 205.

PETITION, filed in the Probate Court for the county of Bristol on March 28, 1919, and afterwards amended, for the revocation

of a decree of that court entered on August 2, 1907, allowing the will of Frederick W. Renwick, late of New Bedford.

The respondent, the executor appointed by the decree sought to be revoked, pleaded in bar that the decision in *Renwick v. Macomber,* 233 Mass. 530, was *res judicata,* and precluded the petitioner from maintaining this petition.

The petition was heard in the Probate Court by *Alger,* J., and was denied. On appeal to the Supreme Judicial Court the petition was referred to a master. The findings of the master as summarized by him were as follows:

" 1. Frederick W. Renwick was not of sound and disposing mind and memory when on June 29, 1906, he executed the instrument subsequently allowed as his last will.

" 2. The execution of the instrument allowed as the last will of Frederick W. Renwick was procured by undue influence exercised upon him on the part of the respondent William B. Macomber.

" 3. The respondent William B. Macomber knowingly permitted false testimony as to the soundness of mind of Frederick W. Renwick at the time of the execution of the instrument offered for probate as his last will to be submitted to the Probate Court for the county of Bristol in order to obtain the allowance of that instrument.

" 4. Frederick W. Renwick never acquired a domicil in New Bedford in the county of Bristol or elsewhere in Massachusetts. At the time of his death his domicil was in the city of New York.

" 5. The respondent William B. Macomber signed and made oath to the petition for the probate of the will of Frederick W. Renwick and permitted the same to be offered for probate in the county of Bristol believing that Renwick last dwelt in New Bedford.

" 6. Solely as a conclusion from the facts stated in this report I find that the respondent William B. Macomber fraudulently concealed from the petitioner the fact that her husband left an estate and that an instrument was being offered for probate by him in the Probate Court for the County of Bristol which purported to be his last will.

" 7. The petitioner did not know that her husband left any estate and had no notice or knowledge of the existence of any

instrument purporting to be his last will or of any proceedings. for its allowance or of any subsequent proceedings affecting his estate until shortly before the filing of the present petition. Her ignorance in these respects was the sole reason for her failure to assert her rights in his estate earlier. She has been in no respects. guilty of laches."

The case was reserved by order of *Crosby,* J., for determination by the full court.

*C. R. Cummings,* (*J. B. Cummings* with him,) for the petitioner. *E. J. Hadley,* (*B. B. Barney* with him,) for the respondent.

CARROLL, J. This is a petition to revoke a decree of the Probate Court for the county of Bristol of August 2, 1907, allowing the alleged will of Frederick W. Renwick who died in New Bedford June 12, 1907, where the will was executed in June, 1906. The master found that the testator lived in New Bedford from 1902 till his death, but was of insufficient mental capacity to decide upon a change of domicil. While he lived in New Bedford, he received an income of about $8,000 a year from a trust administered in New York; and the inventory of his estate showed that he had an account of $6,599.93 in one of the banks in New Bedford. The petitioner was married to Renwick in 1877 and in 1883 they ceased to live together. In 1902 a written agreement was made between Renwick, the petitioner and a trustee, by which the husband and wife agreed to live apart, and the wife was paid $2,890 in full for support, maintenance and alimony. At the same time she entered into an agreement with one Stanhope C. Renwick by which, in consideration of the discontinuance of a libel for divorce then pending in the courts of New York, Stanhope C. Renwick was to pay her $10,000 in the event of his coming into possession of the properties held in trust. for Frederick W. Renwick under the will of Annie Renwick.

The petitioner, although she did not know the testator left any estate, and had no knowledge of the proceedings for the allowance of his will until shortly before the filing of the present petition, did know of his death; and we infer from the record she knew of this fact within a short time after he died; yet she did nothing to protect her rights until nearly twelve years had elapsed. We do not, however, find it necessary to decide the question of her laches or the question raised by the respondent's plea in bar

that *Renwick* v. *Macomber*, 233 Mass. 530, to which proceedings the petitioner was not a party, is *res judicata* of the case at bar.

In *Renwick* v. *Macomber, supra,* the next of kin petitioned for the revocation of the decree allowing the will of Frederick W. Renwick. The finding of the single justice, that when the alleged will was made Renwick was domiciled in New Bedford was approved, and it was decided that the decree of the Probate Court should not be revoked, notwithstanding the fraud of Macomber in the execution of the will and his fraud on the court in procuring its probate. In the opinion it was said at page 533, quoting from *Zeitlin* v. *Zeitlin,* 202 Mass. 205: "'It is in the interests of justice that, after a trial and final judgment in a case, the matters heard and adjudicated shall not be opened for a further hearing because of a supposed error in the determination of the facts by the tribunal that heard the evidence. A contention that some part of the material testimony was false might be made with plausibility in a large proportion of the cases that are tried. A contention that the prevailing party knowingly gave or procured false testimony, upon an issue involved, might be made and strongly supported in a great many cases. It is against public policy to open cases on no other ground than this.'" This principle is decisive of the present case.

The master found that Renwick was not domiciled in New Bedford, but that Macomber acted in good faith "in making the allegation contained in the petition that Renwick last dwelt in New Bedford;" that Macomber fraudulently concealed from the petitioner that her husband left an estate and that his will was offered for probate, and that she had no knowledge that her husband left any estate. These facts as found by the master, are not a sufficient reason for the revocation of the decree allowing the will. Although the primary proof of a will should be where the testator was domiciled at the time of his death, and this rule should not in general be departed from unless sufficient reasons are shown, there was at the time of the testator's death in this Commonwealth property belonging to him, and if he was in fact domiciled in another State, the Probate Court had primary jurisdiction and could allow the petition for the proof of the will. Even if it were found that fraud was practised on the court in alleging that the testator last dwelt in New Bedford, the court

still had jurisdiction of the subject matter and the petition must be denied. *Bowdoin* v. *Holland,* 10 Cush. 17. *Rackemann* v. *Taylor,* 204 Mass. 394. *Morrison* v. *Hass,* 229 Mass. 514, 517. *Morrison* v. *Berkshire Loan & Trust Co.* 229 Mass. 519, 520. See *Tod* v. *Mitchell,* 228 Mass. 541, 544; *McCarron* v. *New York Central Railroad, ante,* 64.

The publication of the citation upon the petition for probate of the will and the mailing of the copy were sufficient to justify the decree allowing the will, even if no copy of the notice was received by the petitioner. *Renwick* v. *Macomber, supra.* "Under the rules of court, in ordinary practice, a general notice is given which is sufficient to justify final proceedings, even if in fact it fails to reach some of the persons interested. If some of the heirs are infants, idiots, or insane persons, their disqualification does not deprive the court of its power to proceed without them. . . . The decree of the court admitting the will to probate is in the nature of a judgment *in rem,* which establishes the will against all the world." *Bonnemort* v. *Gill,* 167 Mass. 338, 340. The fact that the respondent fraudulently neglected to send the copy of the probate notice to the petitioner did not induce the court to take jurisdiction when none existed. The Probate Court had jurisdiction over the proceedings and it did not assume jurisdiction which it could not have exercised if the truth were known, as in *Sampson* v. *Sampson,* 223 Mass. 451. See *Renwick* v. *Macomber, supra; Zeitlin* v. *Zeitlin, supra; Boyd* v. *Boyd,* 226 Mass. 542; *Gale* v. *Nickerson,* 144 Mass. 415, 416; *Clarke* v. *Cordis,* 4 Allen, 466, 475. The Probate Court of Bristol County had full power to hear and decide the cause in the absence of the petitioner, and had jurisdiction over the subject matter.

The decree of the Probate Court must be affirmed.

*So ordered.*