ALBERT W. BURGESS *vs.* GERTRUDE L. BURGESS.

Barnstable.    March 5, 1926. — May 27, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Probate Court*, Decree: revocation.

While a probate court under G. L. c. 209, § 32, has a right to revise or alter a decree, entered in proceedings for separate maintenance of a wife, to accord with changed conditions as they may arise, such a decree cannot be revoked for supposed errors in the decision of the court because of false testimony on any of the issues involved or because the case of the party seeking revocation was not properly presented.

PETITION, filed in the Probate Court for the county of Barnstable on June 5, 1925, for revocation of a decree entered

in that court on October 16, 1924, granting a petition by the respondent in this petition for separate maintenance.

By order of *Campbell*, J., the petition was dismissed on the ground that the court had no authority to revoke the earlier decree even if all the allegations of fact in the petition for revocation were proved. The petitioner appealed.

*J. D. W. Bodfish*, for the petitioner.

No argument nor brief for the respondent.

CARROLL, J. On October 16, 1924, in the Probate Court for the county of Barnstable, a decree was entered in favor of Gertrude L. Burgess, directing her husband, Albert W. Burgess, to pay her $18 a week. In June, 1925, he petitioned for the revocation of this decree, contending that he did not have an opportunity to produce the evidence in his possession to show that his wife was not living apart from him for justifiable cause, "and he further represents that he is unable to make the said payments and that the said Gertrude L. Burgess does not need the same."

A decree in equity may be reviewed, and probate courts, upon proper application, have the right to amend or alter their decrees. See *Blake* v. *Pegram*, 101 Mass. 592, 598; *Waters* v. *Stickney*, 12 Allen, 1. See also *Jones* v. *Jones*, 223 Mass. 540. These courts may also revise their decrees to accord with the changed conditions as they may arise, in proceedings for the support of the wife. See G. L. c. 209, § 32, where it is provided that the court "may, from time to time . . . revise and alter such order or make a new order." See also *McIlroy* v. *McIlroy*, 208 Mass. 458, and cases cited. But a decree of a probate court cannot be revoked for supposed errors in the decision of the court, because of false testimony on any of the issues involved, or because the petitioner's case was not properly presented. *Zeitlin* v. *Zeitlin*, 202 Mass. 205. *Wright* v. *Macomber*, 239 Mass. 98.

The petition is not an application to review the former decree because of an apparent error or on account of changed conditions. The petitioner's contention is based on the allegation that he did not have an opportunity to produce and present the evidence in his possession showing that his wife was not living apart from him for justifiable cause.

This was the issue before the court when the decree was made, it is not a reason for reversing the decree of a court of competent jurisdiction.

In many of the cases relied on by the petitioner, there was fraud practised upon the court by reason of which it was deceived into assuming jurisdiction of the case, as in *Sampson* v. *Sampson,* 223 Mass. 451. See *Raymond* v. *Cooke,* 226 Mass. 326.

We express no opinion upon the petitioner's right to have the decree modified or revoked because of conditions now existing and which make it unjust or impossible for the defendant to comply with it.

Decree dismissing the petition affirmed.

*Ordered accordingly.*