DOROTHY T. FULLER *vs.* JOHN F. FULLER & others, executors.

Worcester.   September 26, 1927. — October 14, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Probate Court*, Decree: revocation.   *Fraud.   Evidence*, Materiality.

Upon an appeal from a decree of a probate court dismissing a petition for revocation of a decree allowing a will based on allegations of conspiracy among and fraud exercised by the executors and a guardian *ad litem* appointed by the court in making misrepresentations to the court with relation to the soundness of mind of the testator, the record showed that the judge, on evidence warranting the finding, found all facts contrary to the contentions of the petitioner, and the decree was affirmed.

At the hearing of such petition, it was proper to exclude evidence respecting the testamentary capacity of the testator, except as such capacity or lack of it was within the knowledge of the petitioner for probate or of the executors, the only issue before the probate court being whether the former decree allowing the will should be revoked on the ground that a fraud had been perpetrated.

PETITION, filed in the Probate Court for the county of Worcester on May 3, 1926, for revocation of a decree of that court entered on June 30, 1925, allowing the will of William A. Fuller, late of Clinton.

John H. Powers, Esquire, was appointed guardian *ad litem* or next friend to represent the interests of Margaret T. Fuller, adopted minor daughter of the testator.

The petition was heard by *Atwood*, J., a stenographer having been appointed under G. L. c. 215, § 18, to take the evidence.   The judge found, among others, the facts stated in the opinion.   The petition was dismissed.   The petitioner and the guardian *ad litem* appealed.

*J. H. Powers*, guardian *ad litem* for Margaret T. Fuller.

*M. M. Johnson*, for Dorothy T. Fuller.

*C. C. Milton*, for the respondents.

CROSBY, J.   This is a petition brought by the widow of William A. Fuller for the revocation of a decree of the Probate Court ordering the probate of his will.   The petition

alleges in substance that, during the month of June, 1925, and for some time prior thereto, the testator was of unsound mind and was subject to the domination and influence of his son, John F. Fuller, who fraudulently caused the testator to make the will in question which was dated June 6, 1925, and in which his son was bequeathed a much larger portion of the testator's estate than he was entitled to receive; that John F. Fuller caused his father to appoint him and one Buttrick and one O'Toole as executors of the will; that the testator committed suicide four days after the will was executed; that John F. Fuller and Mr. Buttrick conspired to obtain for said John F. Fuller the share of the estate which the will bequeathed to him; that the persons named as executors, in whom the petitioner relied to protect her interests, conspired to secure the probate of the will and purposely withheld from her proper legal advice and information respecting her rights, namely, that her husband was of unsound mind at the time of the execution of the will and had executed it through the undue influence of John F. Fuller and Mr. Buttrick, and that they had caused her to assent to the allowance of the will and to the appointment of the persons therein named as executors; that in pursuance of the conspiracy Mr. Buttrick filed a petition for the probate of the will and caused a guardian *ad litem* of Margaret T. Fuller, a minor daughter of the testator, to be appointed; that Mr. Buttrick falsely represented to the Probate Court that the testator was of sound and disposing mind and memory and was not subject to undue influence; that relying on such representations the court entered a decree allowing the will and appointed the persons therein named as executors; that the decree was a fraud upon the court because of the fraud practised upon it by Mr. Buttrick and John F. Fuller, and was entered by mistake, the court not knowing the facts. The petition includes other allegations of fraud on the part of the persons named as executors which need not be here recited in detail.

The case was heard by the judge of probate, and all the evidence before him is reported. He made the following and other findings: "The will was not obtained or induced

by the fraud or undue influence of any person. John F. Fuller and Allan G. Buttrick did not at any time conspire or connive to put or keep the deceased under their influence or domination, and did not in fact so put or keep him. At no time did John F. Fuller, Allan G. Buttrick or Mr. O'Toole make any false or misleading statement to any one, or withhold or conceal any fact which it was their duty to state. In a general way, the material facts were equally well known to all the adult members of the Fuller family, and they had discussed Mr. Fuller's condition together. Neither John F. Fuller, Allan G. Buttrick or George E. O'Toole had or undertook any duty to advise Mrs. Fuller or protect her interest in any way adverse to the will. On the night of the meeting when the petition was prepared and signed, John F. Fuller said to the widow that everything was going to be all right and she must not worry about anything. While Mrs. Fuller was naturally shocked by her husband's death, her assent to the petition for probate was her voluntary, intelligent and responsible act; for over six months thereafter, she did and said nothing to indicate it was not such an act. She was not urged or induced to sign her assent. At the time of the decree and for six months thereafter no one disputed or questioned that when Mr. Fuller executed the will he had sufficient mental capacity to be able to understand and carry in his mind, in a general way, the nature and extent of his property, and his relations to those persons who would naturally have claim to his remembrance, to those persons in whom, and those things in which, he had been mostly interested, and the nature of the act he was doing. The executors always thought he had such mental capacity. There was no conspiracy, fraud or mistake in connection with the propounding and allowance of the will. The guardian *ad litem* was justified in assenting to the allowance of the will on the examination and consideration he gave the matter. He had known the testator and the members of his family personally and as neighbors practically all his life. He knew of the testator and his activities as a prominent citizen of the town, head of a large business, president of a bank, and connected with local organizations, up to his death. He

noted that the will was executed by a competent and reputable lawyer and witnessed by the local deputy sheriff. He noted the written assent of the widow and adult daughter on the petition. He noted the provisions of the will and knew that the son John had been very active in business with his father. He knew the deceased committed suicide. He knew nothing of Mr. Fuller's mental condition except from the above circumstances." A decree was entered dismissing the petition.

A careful reading of the evidence shows that the above findings were fully justified if not required. The ruling excluding evidence respecting the testamentary capacity of William A. Fuller, except as such capacity or lack of it was within the knowledge of the petitioner for probate or of the executors, was correct. The only issue before the court was whether the former decree allowing the will should be revoked on the ground that a fraud had been perpetrated upon the court. The issue as to the soundness of mind of the testator was adjudicated upon the petition for the probate of the will.

It was said by Chief Justice Knowlton in *Boardman* v. *Hesseltine*, 200 Mass. 495, at pages 497 and 498, "The issues as to the execution of the will and the soundness of mind of the testator were fully tried and regularly determined. They cannot be opened, simply on the ground that the decision was not in accordance with the facts." If it had been found by the judge of probate in the case at bar, that the probate of the will had been procured by fraud on the part of the executors, which does not appear, the decree could not be set aside in this proceeding. It was said in *Renwick* v. *Macomber*, 233 Mass. 530, at page 534, following the decisions in *Zeitlin* v. *Zeitlin*, 202 Mass. 205, and *Boyd* v. *Boyd*, 226 Mass. 542, that "The suppression or concealment of material facts as distinguished from the introduction of false and fabricated testimony does not, and in principle should not, change the accepted rule of public policy that litigation should cease when parties have had a day in court." The reasons for the rule so established are fully set forth in *Zeitlin* v. *Zeitlin, supra,* and must be regarded as the settled

law in this Commonwealth.  The principle so established was applied in *Wright* v. *Macomber*, 239 Mass. 98, 101, and in *Burgess* v. *Burgess*, 256 Mass. 99.  It cannot be doubted that probate courts have power to correct errors or mistakes of fact in their own decrees.  *Gale* v. *Nickerson*, 144 Mass. 415.  *Harris* v. *Starkey*, 176 Mass. 445.  *Crocker* v. *Crocker*, 198 Mass. 401.  *Jones* v. *Jones*, 223 Mass. 540.  There is nothing in these cases, cited by the petitioner, at variance with what is here decided.

It is manifest for the reasons stated that the petition cannot be maintained.

*Decree affirmed.*