REBECCA BRODUER *vs.* GEORGE BRODUER.

JULY 6, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J.  April 30, 1930, Rebecca Broduer filed a petition for divorce from her husband, George Broduer, on the ground of extreme cruelty and neglect to provide. Personal service of the citation was made on the respondent, and July 10, 1930, the petition, which was uncontested, was heard by a justice of the Superior Court on depositions previously taken before a master in chancery, and a decision granting the prayer of the petition was rendered. After the lapse of the statutory period of six months, a final decree was entered dissolving the marriage between petitioner and respondent.  About one year later respondent married Leah Eisenberg.  Differences arose between respondent and his second wife and on May 26, 1932, she filed a petition for divorce on the ground of extreme cruelty.  So far as appears, the petition has not been heard.

In September, 1932, Fergus J. McOsker, an attorney representing himself as *amicus curiae* moved that the cause be reopened on the ground that neither the petitioner nor the respondent had resided in the State of Rhode Island for two years preceding the filing of the petition. This motion was denied.  In October a petition entitled "Petition to vacate final decree" was filed by Benjamin M. McLyman, then attorney general, setting forth that neither Rebecca Broduer nor George Broduer were domiciled

inhabitants of this State; that the respondent George Broduer went through a marriage ceremony with one Leah Eisenberg; that there were no children of this union and "that it would be for the best interest of both of the said parties if this Honorable Court grants the prayer of this petitioner." On the back of said petition is the signature of Fergus J. McOsker, followed by the words "Attorney for petitioner." A demurrer to this petition was sustained and from the decree dismissing the petition an appeal was taken to this court.

There are no statutory provisions in this State as there are in some jurisdictions for the intervention of the attorney-general in divorce cases. We have held that the State has an interest in such cases and that intervention by the attorney-general may in some cases be warranted; but the procedure in case of intervention has not been defined.

We cannot give our approval to the practice followed in the present case. If the State is to intervene, the proceedings should be initiated and conducted in the interest of the State alone entirely independent of the interest of those who may be benefited thereby.

It is quite apparent that the attempt to intervene was initiated and has been conducted by the attorney for Leah Eisenberg, the respondent's second wife. This attorney conducted the proceedings in the Superior Court and argued the appeal in this court. Beyond signing the petition, the attorney-general appears to have manifested no further interest in the case.

In reality the proceeding is a collateral attack on the final decree by one who had no interest in the original cause. If Leah Eisenberg should be successful in her pending petition for divorce from the respondent, it is highly probable, if not certain, that the present petition would be permitted to remain undisturbed in the files of the office of the clerk of the Superior Court.

The petition was made a part of the original cause. In *Johnston* v. *Johnston*, 37 R. I. 362, this court said: "that

petitions filed after final decree for the purpose of vacating the decree should be treated as independent petitions." The petition should have been filed and docketed as a separate and independent petition as indicated in *Johnston* v. *Johnston, supra.*

Apart from the questions of procedure, we are of the opinion that the attempted intervention, coming after final decree, comes too late. It is contended that the court had no jurisdiction because the original petitioner was not a resident of this State for two years prior to the filing of her petition, as required by statute. This contention confuses the question of jurisdiction with the facts essential to the exercise of jurisdiction.

Black on Judgments, Vol. 1, § 242, states that: "Jurisdiction may be defined to be the right to adjudicate concerning the subject-matter in the given case. To constitute this there are three essentials. First, the Court must have cognizance of the class of cases to which the one to be adjudged belongs. Second, the proper parties must be present. And third, the point decided must be, in substance and effect, within the issue."

The Superior Court unquestionably has jurisdiction in divorce cases. It had jurisdiction over the parties, over the petitioner by her voluntary submission and over the respondent by the service on him of its process. Whether the court should exercise its jurisdiction depended upon whether the petitioner established by competent evidence the allegations of her petition. Her right to the relief prayed for depended in part upon her establishing as a matter of fact that she was a resident of this State for two years prior to the filing of her petition.

In *Paine* v. *Paine*, 43 R. I. 478, this court said: "Jurisdiction was a question of fact. The court had jurisdiction to determine the question of fact upon which the question of jurisdiction depended." In that case the petition was contested and the fact of the petitioner's residence was controverted; the trial justice found that the petitioner

had established as a fact her residence in this State for the statutory period.

In the instant case the petition was uncontested. Petitioner must have proved her residence to the satisfaction of the trial justice; otherwise he would have dismissed the petition. It is true that he did not make a specific finding as to residence; but that he so found is implicit in his decision granting the prayer of the petition. "Where the jurisdiction depends on the finding of a particular alleged fact, the exercise of jurisdiction implies the finding of that fact." DURFEE, C. J., in *Thornton* v. *Baker*, 15 R. I. 553.

The sole ground urged in support of the petition is that Rebecca Broduer testified falsely as to her residence in this State. When the parties to a case are properly before the court, a final decree will not be set aside because of fraud or perjured evidence given on any issue within the case as heard and determined. *U. S.* v. *Throckmorton*, 98 U. S. 61; *Roberts* v. *Roberts*, 19 R. I. 349; *Zeitlin* v. *Zeitlin*, 202 Mass. 205. This rule rests on the ground of public policy. In *Zeitlin* v. *Zeitlin, supra,* KNOWLTON, C. J., pithily said: "It is in the interest of justice that, after a trial and final judgment in a case, the matters heard and adjudicated shall not be open for a further hearing because of a supposed error in the determination of facts by the tribunal that heard the evidence. A contention that the prevailing party knowingly gave or procured false testimony, upon an issue involved, might be made and strongly supported in a great many cases. It is against public policy to open cases on no other ground than this."

In *Orr* v. *Orr*, 75 Ore. 137, the district attorney moved to vacate a decree on the ground that the petitioner had not been a resident of the State for one year prior to the commencement of the suit. The motion was denied and the court said: "The only fraud attempted to be disclosed by appellant in the affidavits filed consists in seeking to show that the plaintiff testified falsely in the trial as to her residence in the state for the statutory time to entitle her

to begin a suit for divorce. It has been held by this court, and the holding is abundantly supported by reason and authority, that a decree cannot be vacated upon the ground that it was obtained by the use of perjured testimony."

Our conclusion is that, the alleged fraud having been perpetrated as to issues within the case and not collateral thereto, the final decree cannot be reopened on this ground either by the parties thereto or by the State as an intervening party.

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court.

*Voigt, Wright & Munroe, Ernst T. Voigt, James J. Fogarty, Jr., Leo M. Goldberg,* for Rebecca Broduer.

*Fergus J. McOsker, John C. McOsker,* for Attorney General.