EMILIEN CHAGNON *vs.* EMMA CHAGNON.

Middlesex.    April 6, 1938. — May 25, 1938.

Present: RUGG, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Probate Court,* Jurisdiction, Decree. *Marriage and Divorce,* Decree.

A decree *nisi* of divorce, entered in a probate court through a clerical error instead of a decree dismissing the libel intended by the judge, could be revoked of the court's own motion more than a year after its entry.

LIBEL FOR DIVORCE, filed in the Probate Court for the county of Middlesex on June 24, 1935.

Hearings were before *Monahan,* J.

*W. E. O'Brine,* for the libellant.

No argument nor brief for the libellee.

DOLAN, J. This case comes before us on an appeal from a decree entered in the Probate Court on August 2, 1937, revoking a decree of divorce entered in that court on January 28, 1936, and from a decree also dated August 2, 1937, dismissing the libel for divorce. The appeal was entered in the Probate Court on December 15, 1937, in accordance with leave granted by this court under the provisions of G. L. (Ter. Ed.) c. 215, § 15.

The judge filed a voluntary report of facts. Pertinent findings of the judge may be summarized as follows: The libel for divorce in question was filed in the Probate Court on June 24, 1935, was contested by the libellee and was heard on the merits. On January 28, 1936, at the conclusion of the trial the judge ruled in open court and in the presence of the libellant that the latter "had not proved his case by a fair preponderance of the evidence" and informed him that he "would dismiss his libel." The judge by inadvertence signed the blank form of decree *nisi* which is printed inside of and as a part of the form prescribed for use in case of a libel for divorce. The clerical force in the registry of probate treated the judge's signature as an order for a decree *nisi* and completed the blank form of the decree accordingly. The judge found that "The practice of this court in dismissing libels is for the judge to sign his name on the outside of the libel."

On August 2, 1937, the "mistake" was brought to the judge's attention and he sent for counsel for the libellant, who informed the judge that, after the latter announced his decision to dismiss the libel, he, the counsel, discussed the matter with the libellant and that he clearly understood that his libel had been dismissed. His counsel also advised the judge that the libellant had not remarried. The judge thereupon entered a decree revoking the decree

of divorce, reciting that it had been entered by mistake, and also entered a decree dismissing the libel for divorce.

The libellant contends that, the decree *nisi* actually entered having become absolute on the record, the judge was without authority to revoke the same and to dismiss the libel. The libellant relies on such cases as *Zeitlin* v. *Zeitlin*, 202 Mass. 205, *Boyd* v. *Boyd*, 226 Mass. 542, *Wright* v. *Macomber*, 239 Mass. 98, and *Burgess* v. *Burgess*, 256 Mass. 99. These cases, however, have no application to the facts in the case at bar. They are not concerned with the revocation of decrees which were entered by virtue of a clerical error. In each of them the decree that was entered represented the actual decision of the court. The result in each of them rests on the principle that "It is in the interests of justice that, after a trial and final judgment in a case, the matters heard and adjudicated shall not be opened for a further hearing because of a supposed error in the determination of facts by the tribunal that heard the evidence," *Zeitlin* v. *Zeitlin*, 202 Mass. 205, 207; and that neither the procurement of false and fabricated testimony nor the suppression of material facts in the trial by the prevailing party constitutes valid grounds for setting aside such final judgment. See *Renwick* v. *Macomber*, 233 Mass. 530, 534. In the case at bar no such principle is involved. The blank decree signed by the judge was but an order for a decree. See *Ambrozewicz* v. *Lane*, 283 Mass. 141, 143. The decree was not completed in conformity with the decision actually made by the judge. That which was done was not intended to be done. Compare *Karrick* v. *Wetmore*, 210 Mass. 578.

In these circumstances it is settled that "There is an inherent and necessary power in a court of justice acting on the motion of an interested party, at the suggestion of one not a party, or on its own motion to correct errors and remedy omissions in its records in order that they shall speak the truth." *Webb* v. *Cohen*, 280 Mass. 292, 293, and cases cited. This is a plenary power. See *Bryer* v. *American Surety Co.* 285 Mass. 336. See also *Malaguti* v. *Rosen*,

262 Mass. 555, 566; *Barringer* v. *Northridge*, 266 Mass. 315, 318; *Balch* v. *Shaw*, 7 Cush. 282.

It follows that the judge, in the instant case, had authority to act of his own motion and to enter the decrees appealed from, that the record should speak the truth.

*Decrees affirmed.*