CARRIE B. DIXON *vs.* REBECCA G. CLARKE, administratrix.

Middlesex.    May 4, 1948. — June 9, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, SPALDING, & WILLIAMS, JJ.

*Probate Court,* Revocation of decree. *Executor and Administrator,* Appointment.

A Probate Court had the power and duty to revoke its decree allowing ex parte and without notice a petition for administration on allegations that the petitioner was sole heir at law of the deceased where, upon direct proceedings for its revocation, it appeared that the petitioner for revocation was heir at law of the deceased and had had no notice of the petition for administration, and that the petitioner for administration was not an heir at law.

PETITION, filed in the Probate Court for the county of Middlesex on June 30, 1947.

The case was heard by *Poland,* J.

*J. W. Eastman,* for the respondent.

*J. S. Mitchell,* (*L. T. Horton* with him,) for the petitioner.

DOLAN, J. This is an appeal from a decree revoking the appointment of the respondent as administratrix of the estate of Anna S. Smith, late of Melrose, deceased. The evidence is not reported, but the judge made a report of the material facts found by him. Those facts, as well as those disclosed by the pleadings, may be summed up as follows: The appointment of the respondent as administratrix as aforesaid was made upon her petition in which she recited that she resided in Malden and that she was "the only heirs at law and next of kin" of the deceased (a cousin). Her petition was allowed ex parte without notice. She gave bond with individual sureties for the performance of her duties. The petitioner for revocation of the decree appointing the administratrix is a resident of Boston and is the next of kin of the deceased, and had no notice of the petition for administration. The respondent is not the intestate's next of kin. The judge further found that the petition for administration "did not fall within the condition of G. L. (Ter. Ed.) c. 193, § 2." That statute provides as follows: "Administration of the estate of an intestate may be granted to one or more of the next of kin or any suitable person, if the husband or widow and all the next of kin resident in the commonwealth, who are of full age and legal capacity, consent in writing thereto. Notice of the petition may be dispensed with as if all parties entitled thereto had signified their assent or waived notice."

On the face of the petition the judge who entered the decree sought to be revoked was justified in treating the petition as one brought and assented to by the only heir at law of the intestate, and in concluding therefore that the requirement of notice was dispensed with under c. 193, § 2. On the facts found upon the present petition, however, since the respondent was not an heir at law of the deceased and the persons entitled to notice of the petition for administration had not had notice or waived notice thereof or assented thereto, the essentials to action by the court upon the petition were not present. While the Probate Court had jurisdiction of the subject matter of the petition for administration, it was without authority to allow it be-

'cause of the irregularity in the proceedings to which we have already referred, and the decree entered thereon was subject to the direct attack made upon it in the present case. The power and duty of the Probate Court to revoke its decrees for lack of authority to enter them are well settled, *Clarke* v. *Andover*, 207 Mass. 91, 97–98; *Bell* v. *Swift*, 322 Mass. 145, 146, 148, and cases cited, and no showing of fraud is necessary in such case.

Cases relied upon by the respondent such as *Renwick* v. *Macomber*, 233 Mass. 530, and *Zeitlin* v. *Zeitlin*, 202 Mass. 205, to the effect that it is in the interest of justice that after a trial and final judgment in a case matters heard and adjudicated shall not be opened for a further hearing because of supposed error in the determination of facts by the tribunal that heard the evidence, are not in point in the present case. Those cases were not concerned with any lack of authority on the part of the court to hear and adjudicate them.

*Decree affirmed.*